

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-3277
Re: Liability of private un-
incorporated banking in-
stitutions, and liability
of Morris Plan banks,
for note recording stamp
tax under Article 7047e,
V.A.C.S., as amended by
Senate Bill 97, Forty-
seventh Legislature.

This is in answer to your request for an opinion, which reads as follows:

"I have been requested by the County Clerk of Galveston County to obtain your opinion as to whether the amendment to Article 7047-e, R.C.S., passed by the 47th Legislature, exempts private banking institutions, particularly W. L. Moody & Company, Bankers, (unincorporated), Galveston, from paying the tax levied by the amendment on the filing or recording of lien instruments.

"I would also like to know whether the Morris Plan banks should be included in the exemption."

We interpret your letter to have reference to Senate Bill 97, Forty-seventh Legislature, 1941, recently passed by the Legislature, which amended Senate Bill 24, Forty-sixth Legislature, 1939, commonly known as the Note Stamp Recording Tax Act and codified as Article 7047e, Vernon's Annotated Revised Civil Statutes of Texas.

The Note Stamp Recording Tax Act, to-wit, said Article 7047e, provides that "no. . . instrument shall be

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charley Lockhart, page 2


filed or recorded by any county clerk in this State until
there has been affixed to such instrument stamps in accord-
ance with the provisions" of said statute, and fixes a tax
based upon the amount of the notes or obligations secured
by the instrument filed or recorded, and provides that "pay-
ment of the tax . . . . shall be evidenced by affixing the
stamps issued by the State through the State Treasurer and
the County Clerks" as prescribed in the statute.

Senate Bill 97, passed by the Forty-seventh Legis-
lature, changes the taxing section of the law, to-wit, para-
graph (a), by adding language, as follows:

". . . nor shall this section apply to instru-
ments, notes or other obligations taken by or on be-
half of National Banking Associations organized under
the laws of the United States, nor instruments, notes
or other obligations taken by or on behalf of State
Banking Corporations of the State of Texas created
under Title 16 of the Revised Civil Statutes of Texas,
. . . ."

It will be noticed that the only "State Banking Cor-
porations" exempted by said Senate Bill 97 are those "created
under Title 16 of the Revised Civil Statutes of Texas." An
examination of said Title 16 discloses that the only refer-
ence made in it to private banking institutions is in Article
541 (Chapter 8, Title 16, Revised Civil Statutes of Texas),
which reads as follows:

"It is hereby declared to be the public
policy of this State that no additional private
banking institution or business shall be organ-
ized or established, and it shall be unlawful
for any person, association of persons, partner-
ships or trustees acting under any common law
declaration of trust to hereafter organize or
establish, begin or resume the operation of any
banking institution or business within this
State. It shall be the duty of private individ-
uals or firms engaging in the banking business
to use after the name under which the business
is conducted, the word in parentheses 'unincor-
porated', and failure to do so shall subject

325

the offender to a penalty of one hundred dol-
lars to be collected in the manner provided
in Article 491."

We assume that the private banking institution to which you
refer was established before said Article 541 went into effect
in 1923.

Title 16 provides for the incorporation of various
kinds of banking institutions, creates the office of Banking
Commissioner of Texas and gives said officer certain powers,
and regulates the operation of banks in general. Your letter
shows that the private banking institution you ask about is
unincorporated. It being unincorporated, we are unable to
see how it could be "created under Title 16." Therefore the
exemption created by said Senate Bill 97 does not apply to it.

We will now take up your other question. Chapter
9 (Articles 542 to 548 inclusive) of Title 16 of the Revised
Civil Statutes of Texas was enacted by the Thirty-sixth Leg-
islature in 1917, and it provided for the organization and
operation of loan and investment companies. The companies
organized under said chapter are commonly known as Morris
Plan Banks, although that name is not used in the body of the
statute, but it is used in the heading of said Chapter 9
(Articles 542 to 548 inclusive) in the recodification of the
Revised Civil Statutes of Texas adopted by the Thirty-ninth
Legislature in 1925. We assume that you have reference to
the corporations organized under the terms of said Chapter
9 and known as Morris Plan banks.

Chapter 9 of Title 16 remained unchanged from
1917 until 1939, and during that time Article 545 in said
chapter granted powers to the corporations organized there-
under in language as follows:

"Every loan and investment company, in addi-
tion to the powers conferred upon corporations by
the general corporation law, shall have the follow-
ing powers:

"1. To lend money and to deduct interest there-
for in advance at a rate not to exceed six per cent per

Honorable Charley Lockhart, page 4

annum, and in addition to require and receive
uniform weekly or monthly installments on its
certificates of indebtedness purchased by the
borrower simultaneously with the said loan trans-
action, or otherwise, and pledged with the corp-
oration as security for the said loan, with or
without an allowance of interest on such install-
ments.

"2. To sell or negotiate bonds, notes, certi-
ficates of investment and choses in action for the
payment of money at the time, either fixed or un-
certain, and to receive payments therefor in in-
stallments or otherwise, with or without an allow-
ance of interest upon such installments.

"3. To charge for a loan made pursuant to
this article one dollar for each fifty dollars or
fraction thereof loaned, for expenses, including
any examination or investigation of the character
and circumstances of the borrower, co-maker or
surety, and the drawing and taking acknowledgment
of necessary papers or other expenses incurred in
making the loan; no charge shall be collected un-
less a loan shall have been made as a result of
such examination or investigation."

In the case of Kaliski v. Gossett, 109 S.W. (2d) 340,
(Writ of error refused) decided by the Court of Civil Appeals
at San Antonio in 1937, it was held that corporations organ-
ized and operating under said Chapter 9 of Title 16, to-wit,
Morris Plan banks are not corporations "with banking and
discounting privileges." That being true, they are not State
Banking Corporations.

In 1939, by Senate Bill 266 entitled "Powers of
Morris Plan Banks Enlarged," the Legislature changed para-
graph 2 of Article 545 (above quoted) to read as follows:

"2. To receive money on time deposits, and
to purchase, sell, discount, or negotiate bonds,
notes, certificates of investment and choses in
action for the payment of money at a time either fix-
ed or uncertain, and to receive payments therefor in
installments or otherwise, with or without an allow-
ance of interest upon such installments. To purchase
stock in Federal Deposit Insurance Corporation. As
amended Acts 1939, 46th Leg., p. 72, Sec. 1."

Honorable Charley Lockhart, page 5

Said Senate Bill 268 also added a new article known as Article 548a, reading as follows:

> "All corporations now chartered under the provisions of this chapter may adopt the powers herein granted by filing a certificate to such effect with the Commission of Banking, provided however, that the incorporation of corporations in the future under this chapter shall make application to the State Banking Board and be governed by the provisions of Chapter 2 of this Title. Added Acts 1939, 46th Leg., p. 72, Sec. 2."

On November 7, 1939, this department held in Attorney General's Opinion No. O-1542 that said "Senate Bill 268 constitutes the corporations created under Chapter 9, supra (Ch. 9 of Title 16) corporate bodies with banking and discounting privileges, within the meaning of the Constitution, upon their compliance with the requirements of the act itself, the amendments thereto, and the constitution." We still adhere to that opinion and the reasons given therein, and we are enclosing a copy of the same.

The exemption created by the Note Stamp Recording Tax amendment, to-wit, Senate Bill 97 by the Forty-seventh Legislature, applies to "notes or other obligations taken by or on behalf of <u>State Banking Corporations</u> of the State of Texas created under Title 16." Are Morris Plan banks "State Banking Corporations?" Under the holding of the case of Kaliski v. Gossett, supra, they were not under the statute as it read at that time, which was <u>prior</u> to the passage of Senate Bill 268 (entitled "Powers of Morris Plan Banks Enlarged") in 1939; but under the holding of Attorney General's Opinion No. O-1542 said Senate Bill 268 made them State Banking Corporations "upon their compliance with the act itself, the amendments thereto, and the Constitution."

Our answer to your first question is that notes and other obligations taken by or on behalf of private unincorporated banking institutions are not exempt from the tax levied by the Note Stamp Recording Tax Act as amended by Senate Bill 97, Forty-seventh Legislature.

Honorable Charley Lockhart, page 6

Our answer to your second question is that notes and other obligations taken by or on behalf of Morris Plan Banks are not exempt if said institution was incorporated prior to the passage of Senate Bill 268 in 1939 and has not since adopted the powers granted by said Bill; but such notes and other obligations are exempt if said institution was incorporated since the effective date of said Senate Bill 268 in 1939, or has adopted in the manner prescribed by the statute the additional powers granted by said Senate Bill 268.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Cecil C. Rotsch
Assistant

CCR:js



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN